U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 29 PM 3:33

CLERK

BY ________ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KEREN SITA,
Plaintiff,

v.

COMMUNITY HEALTH CENTERS OF BURLINGTON,
Defendant.

No. 2:26-cv-00192

**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**
(Docs. 1, 3)

Plaintiff Keren Sita, a Vermont resident representing herself, seeks to bring an action alleging Defendant Community Health Centers of Burlington provided her with inadequate mental health care despite Plaintiff repeatedly seeking treatment for a variety of ongoing mental health concerns. For the reasons explained below, Plaintiff's Complaint is DISMISSED with leave to amend.

On July 31, 2026, the court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") without prejudice. (Doc. 2.) On August 28, 2026, Plaintiff timely filed a revised IFP application. (Doc. 3.) Because Plaintiff's financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff's IFP application is GRANTED.

**Facts as Alleged in Plaintiff's Complaint**

Plaintiff alleges that Defendant Community Health Centers of Burlington ("CHCB") is a healthcare organization that provides medical and mental health treatment services throughout Chittenden County, Vermont. (Doc. 1-4 at 5, ¶ 20.) Plaintiff states she is a patient of CHCB and repeatedly sought treatment for mental health concerns such as anxiety, "concentration-related

impairments, social anxiety, and symptoms Plaintiff believed to be consistent with Attention Deficit/Hyperactivity Disorder" at multiple CHCB locations. (*Id.* at 1, 7, ¶¶ 10–12.) Plaintiff claims that "her efforts to obtain treatment were repeatedly met with escalating conflict, interruption of services, dismissal of reported symptoms, and ultimately exclusion from portions of the healthcare system." (*Id.* at 2.) Plaintiff avers that on one occasion she requested and was denied a private "one-on-one" "mental health consultation," and when she continued to assert "discomfort and privacy concerns[,]" the "interaction . . . escalated" resulting in her removal from the facility and "exclusion from portions of Defendant's healthcare system[.]" (*Id.* at 7–8, ¶¶ 14–16.) Plaintiff alleges that she continued to seek mental health services from CHCB providers but that "her reported symptoms and concerns were repeatedly minimized, inadequately addressed, inaccurately characterized, or reframed in a manner inconsistent with the symptoms Plaintiff repeatedly reported." (*Id.* at 8, ¶¶ 17–18.)

Plaintiff states that "the cumulative effect of these encounters resulted in delayed treatment, interruption of continuity of care, emotional distress, academic hardship, and difficultly obtaining stable and effective mental health treatment." (Doc. 1-4 at 8, ¶ 20.) She claims that Defendant's conduct gives rise to an inference of discriminatory treatment on the basis of race and gender and that "these actions were not isolated incidents, but rather reflected a continuing pattern of conduct occurring within Defendant's healthcare system that substantially interfered with Plaintiff's ability to obtain consistent mental health treatment and equitable access to healthcare services." (*Id.* at 8–9, ¶¶ 21, 23.)

Plaintiff seeks to assert claims for violations of the Affordable Care Act, 42 U.S.C. § 18116, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and the contract clause of 42 U.S.C. § 1981. Plaintiff also claims that Defendant subjected her to retaliation in violation of

federal civil rights law and alleges state law claims for negligence and "professional negligence[.]" (*Id.* at 9–16, ¶¶ 24–66.) She seeks a declaration that Defendant's actions violated Plaintiff's rights, an injunction requiring Defendant to ensure equitable access to mental health treatment services, including for Plaintiff, and compensatory damages. (*Id.* at 16–17.)

## Conclusions of Law and Analysis

### I. Statutory Screening of Complaints Under 28 U.S.C. § 1915(e)(2)(B)

The court is required to conduct an initial screening of the Complaint. The court must dismiss the Complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest argument it suggests, *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (citations omitted), "[d]ismissals [under Section 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

### II. Rule 8 Requirements

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id* (citations omitted). The pleading must also provide "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). When a litigant does not comply with the requirements of Rule 8, the court may strike

any portion of a complaint that is redundant or immaterial pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f). Alternatively, the court may dismiss a complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's Complaint is insufficient under Rule 8. Her allegations are vague, conclusory, and include few specific facts. It is unclear when or at what facility the events in question occurred, the circumstances surrounding the visits that are the subject of Plaintiff's claim, or how many visits are at issue. While Plaintiff claims that Defendant discriminated against her based on her race and sex, she includes no factual allegations indicating that Defendant's conduct was motivated by either of these protected characteristics. In sum, the Complaint does not provide fair notice of the grounds upon which each claim rests.

For the foregoing reasons, the Complaint is DISMISSED under Rule 8.

**III. Leave to Amend**

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quotation marks and citation omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F.App'x 53, 55 (2d Cir. 2020) (citation modified) (citation omitted).

Plaintiff is granted leave to amend her Complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims she alleges

against each defendant and all the relief she seeks. It must also comply with the Federal Rules of Civil Procedure, including by setting forth a short and plain statement of each claim as required by Rule 8, in numbered paragraphs as required by Rule 10, and bearing Plaintiff's signature as required by Rule 11. *See* Fed. R. Civ. P. 8, 10, 11. Additionally, the factual allegations should clarify whether these facts are the same as the facts alleged in *Sita v. Community Health Centers of Burlington, et al.*, No. 2:24-cv-00386, Am. Compl., Dkt. No. 5 (October 31, 2024). That case was dismissed on October 30, 2025. *See Sita v. Community Health Centers of Burlington, et al.*, No. 2:24-cv-00386, Op. and Order, Dkt. No. 43 (October 30, 2025).

For further reference, Plaintiff may consult a sample Complaint as well as the Court's Representing Yourself as a *Pro Se* Litigant Guide, available on the Court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

**CONCLUSION**

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED. Plaintiff's Complaint (Doc. 1-4) is DISMISSED with leave to amend. Plaintiff may file a proposed Amended Complaint, which will also be subject to review under 28 U.S.C. § 1915(e)(2)(B), no later than October 30, 2026.

Dated at Rutland, in the District of Vermont, this 29th day of September 2026.

Mary Kay Lanthier
United States District Judge